UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVIA R.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:18-CV-05642-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of Defendant's denial of her application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny benefits.

## FACTUAL AND PROCEDURAL HISTORY

On June 9, 2014, Plaintiff filed an application for disability insurance benefits, alleging a disability onset date of June 2, 2014. AR 13, 259-60. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 148-58, 160-64. An initial hearing was held before Administrative Law Judge ("ALJ") Kelly Wilson on August 10, 2016. AR 83-115. Because ALJ Wilson was unavailable to issue a decision, a second hearing was held before ALJ David Johnson on July 17, 2017. AR 13, 39-82. In a decision dated September 28, 2017, ALJ Johnson determined Plaintiff to be not disabled. AR 10-32. The Social Security Appeals Council

denied Plaintiff's request for review on July 9, 2018. AR 1-6. The ALJ's decision of September 28, 2017 is the final decision of the Commissioner subject to judicial review. See 20 C.F.R. § 404.981. Plaintiff appealed to this Court and seeks an order remanding this case either for further administrative proceedings or an award of benefits. Dkt. 16, p. 9.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## ISSUES FOR REVEW

1. Did the ALJ err in evaluating the opinions of Michael Wingren, M.D., Eric Hofmeister, M.D., and Richard Whons, M.D.?
2. Did the ALJ err in assessing Plaintiff's residual functional capacity ("RFC")?
3. Did the ALJ err in finding that Plaintiff could perform her past relevant work at step four?

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 2

DISCUSSION

The Commissioner uses a five-step sequential evaluation process to determine if a claimant is disabled. 20 C.F.R. § 404.1520. The ALJ assesses the claimant's RFC to determine, at step four, whether the plaintiff can perform past relevant work, and if necessary, at step five to determine whether the plaintiff can adjust to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). The ALJ has the burden of proof at step five to show that a significant number of jobs that the claimant can perform exist in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. § 404.1520(e).

I.     Whether the ALJ properly evaluated the medical opinion evidence

Plaintiff maintains that the ALJ failed to properly evaluate opinion evidence from treating physicians Dr. Wingren and Dr. Whons and examining physician Dr. Hofmeister. Dkt. 16, pp. 5-7.

Plaintiff does not allege any specific error in the ALJ's evaluation of these opinions or any of the other medical opinion evidence. Instead, Plaintiff contends that the ALJ erred in assigning great weight to the opinion of the independent medical expert who testified at the hearing, David Huntley, M.D., while assigning little weight to physicians such as Dr. Wingren, Dr. Whons, and Dr. Hofmeister who each had the opportunity to examine Plaintiff before rendering their opinions. Dkt. 16, p. 7. A non-treating, non-examining source's opinion is generally entitled to less weight than a treating or examining opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); see also 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you").

However, when the opinion of a treating or examining source is contradicted by another medical opinion, including one from a non-examining source, such an opinion can be rejected

"for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

The fact that the ALJ assigned more weight to a non-examining source does not constitute error unless the ALJ failed to provide specific, legitimate reasons for doing so. Plaintiff has not alleged that the ALJ made any specific errors in his evaluation of Dr. Huntley's opinion. Given the lack of specificity in Plaintiff's argument, Plaintiff failed to demonstrate any harmful error on this issue. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors"). The Court therefore rejects Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to explain how the ALJ harmfully erred).

II. <u>Whether the ALJ erred in assessing the RFC</u>

Plaintiff contends that the ALJ erred in assessing Plaintiff's residual functional capacity. Dkt. 16, pp. 7-8.

Specifically, Plaintiff challenges the ALJ's finding that Plaintiff could still perform her past relevant work even if the RFC included a recommendation from Dr. Hofmeister that Plaintiff could benefit from a frequent allowance for adjustment of position at work. Dkt. 16, p. 8. Plaintiff contends that the ALJ's finding runs contrary to the standard set forth in Social Security Ruling ("SSR") 96-9p, which provides that administrative factfinders must be "specific as to the frequency of the individual's need to alternate sitting and standing" when determining the RFC for a disability claimant who is limited to performing less than a full range of sedentary

1  work with a sit/stand requirement.  Dkt. 16, p. 8. SSR 96-9p, 1996 WL 374185, at *7 (July 2,
2  1996).

3     First, the ALJ in this case assessed Plaintiff as being able to perform light, rather than
4  sedentary work. AR 20. Second, based on his evaluation of medical record and the opinion
5  evidence, which Plaintiff does not challenge, the ALJ found that Plaintiff would not require a
6  sit/stand option. AR 20. *See Magallanes v. Bowen*, 881 F.2nd 747, 756-57 (9th Cir. 1989) (An
7  ALJ is "not bound to accept as true the restriction presented in a hypothetical question
8  propounded by a claimant's counsel" and is free to accept or reject … restrictions [advanced by
9  claimant] so long as they are supported by substantial evidence."). Third, as discussed above,
10 Plaintiff has not specifically challenged the ALJ's evaluation of Dr. Hofmeister's opinion. *See*
11 *supra* Section I.

12    Fourth, Dr. Hofmeister's opinion is itself unclear and equivocal concerning Plaintiff's
13 sit/stand limitations. Dr. Hofmeister opined that Plaintiff would be able to sit and stand for two
14 hours at one time during a work day. AR 701. Dr. Hofmeister did not assess a specific sit/stand
15 limitation, instead stating that "frequent allowing for adjustment of position is recommended."
16 AR 695. The ALJ does not need to accommodate a physician's non-imperative recommendation
17 when formulating the RFC. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1165
18 (9th Cir. 2008) (the ALJ does not err in rejecting a physician's proposal when it is framed as a
19 recommendation rather than an imperative); *see also Valentine v. Comm'r of Soc. Sec. Admin.*,
20 533 F.3d 685, 691-92 (9th Cir. 2009) (an ALJ does not err by excluding recommendations from
21 the residual functional capacity finding).

22    Fifth, even if the Court assumes that the ALJ erred in his evaluation of Dr. Hofmeister's
23 opinion, and Dr. Hofmeister's opinion that Plaintiff could sit and stand for two hours at one time

could reasonably be construed as a sit/stand limitation, the ALJ still did not err in assessing the RFC. During the initial hearing, Plaintiff's representative asked the vocational expert whether the addition of a limitation involving alternating sitting and standing every 30 minutes to the existing RFC would impact Plaintiff's ability to perform her past relevant work. AR 76. The vocational expert testified that Plaintiff could still perform her past work given this additional limitation. *Id.* As such, even the inclusion of a far more restrictive sit/stand limitation than the one suggested by Dr. Hofmeister's opinion would not impact Plaintiff's ability to perform her past work at step four of the sequential evaluation.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). An error is harmless if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The ALJ did not err in excluding a sit/stand limitation from the RFC. Even if the ALJ had erred, the failure to include a sit/stand limitation in the RFC would constitute harmless error.

III.  Whether the ALJ erred in finding that Plaintiff could perform her past work

Plaintiff alleges that the ALJ erred in finding Plaintiff could perform her past relevant work. Dkt. 16, pp. 8-9.

Plaintiff first contends that if the ALJ had properly weighed the opinion evidence, the limitations in Plaintiff's RFC would preclude the possibility of her performing her past work. *Id.* For the reasons discussed above, Plaintiff has not properly challenged the ALJ's evaluation of the medical opinion evidence. *See supra* Section I.

Plaintiff next argues that the ALJ erred in failing to reach a conclusion about whether Plaintiff would be disabled under the Medical-Vocational Guidelines. Dkt. 16, p. 9. The Medical–Vocational Guidelines ("Grids") "provide a uniform conclusion about disability for various combinations of age, education, previous work experience, and residual functional capacity" and allow the Commissioner of Social Security to "streamline the administrative process and encourage uniform treatment of claims based on the number of jobs in the national economy for any given category of residual functioning capacity." *Parsons v. Comm'r of Soc. Sec.*, No. 2:11-CV-2179-CMK, 2012 WL 4468542, at *8-9 (E.D. Cal. Sept. 26, 2012) (citing *Heckler v. Campbell*, 461 U.S. 458, 460–62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (discussing creation and purpose of the grid rules).

According to the Social Security regulations, the Medical-Vocational Guidelines only apply if an ALJ has determined that Plaintiff cannot perform her past work. 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("The following rules reflect the major functional and vocational patterns which are encountered in cases which cannot be evaluated on medical considerations alone, where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work."); 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."); *see also Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (An ALJ's finding that claimant could perform past relevant work negated argument that ALJ erred in application of medical-vocational guidelines). The ALJ did not err in finding that Plaintiff could perform her past relevant work, and therefore did not err in declining to apply the grid rules.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 14th day of August, 2019.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge